# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 26, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| RENE M. CUNDRA, | * | |
| | * | |
| Petitioner, | * | No. 19-267V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for Petitioner.
*Kyle E. Pozza*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 19, 2019, Rene Cundra ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of a tetanus-diphtheria-acellular pertussis vaccination administered on August 27, 2016. Pet. at 1. On October 28, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. ECF No. 45.

On November 2, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 42 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $37,330.09, representing $35,741.00 in attorneys' fees and $1,589.09 in attorneys' costs. Fees App. at 5. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

related to this litigation. Fees App. Ex. 3. Respondent filed a response on February 25, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. ECF No. 51. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.   Reasonable Hourly Rates**

Petitioner requests that her attorney, Mr. Matthew Belanger, be compensated at $375.00 per hour for all work performed in this case, from 2019 to 2020. Although this rate is consistent with what Mr. Belanger has previously been awarded for work performed in 2020, it exceeds what he has previously been awarded (and what he has previously billed at) for work performed in 2019. *See, e.g., Barrett v. Sec'y of Health & Human Servs.*, No. 18-41V, 2019 WL 7557797, at *2 (Fed. Cl. Spec. Mstr. Dec. 13, 2019) (awarding Mr. Belanger $350.00 per hour for work performed in 2019); *Simon v. Sec'y of Health & Human Servs.*, No. 17-1140V, 2019 WL 3933659 (Fed. Cl. Spec. Mstr. July 31, 2019) (same).

The undersigned shall therefore compensate Mr. Belanger's 2019 work in this case at the previously awarded rate of $350.00 per hour. Application of this rate results in a reduction of $362.50.[3]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. The only reduction necessary is for time billed by paralegals on administrative/clerical tasks, such as filing documents and downloading filings from Respondent and the Court. "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." Mostovoy v. Sec'y of Health Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb.4, 2016). A reasonable reduction for this time is $300.00. Accordingly, Petitioner is entitled to a final award of attorneys' fees in the amount of $35,078.50.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,589.09 in attorneys' costs. Fees App. Ex. 4. This amount is comprised of acquiring medical records and medical literature, postage, and the Court's filing fee. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting the request.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $35,741.00 |
| (Reduction to Fees) | - ($662.50) |
| **Total Attorneys' Fees Awarded** | **$35,078.50** |
| | |
| Attorneys' Costs Requested | $1,589.09 |
| (Reduction to Costs) | - |

---

[3] ($375.00 per hour requested - $350.00 per hour awarded) * 14.5 hours billed in 2019 = $362.50.

| **Total Attorneys' Costs Awarded** | $1,589.09 |
|---|---|
| | |
| **Total Amount Awarded** | $36,667.59 |

**Accordingly, the undersigned awards a lump sum in the amount of $36,667.59, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Matthew Belanger.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).